# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | |
|---|---|
| Jo Ann Wilkerson, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) ***JURY TRIAL DEMANDED*** |
| Credigy Receivables, Inc., | ) |
| | ) |
| Sheriff Serve Registered Agent: | ) |
|     Registered Agents Legal | ) |
|     Services, Ltd. | ) |
|     112 N. Curry St. | ) |
|     Carson City, NV 89703 | ) |
| | ) |
|  and | ) |
| | ) |
| Cohen, McNeile & Pappas, P.C., | ) |
| | ) |
| Serve Registered Agent: | ) |
|     CMPS Agent Services, Inc. | ) |
|     4550 Belleview, 2nd Fl. | ) |
|     Kansas City, MO 64111 | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

The Complaint of Plaintiff, Jo Ann Wilkerson, by her attorneys, Consumer Law Advocates and Mitchell B. Stoddard, is as follows:

### INTRODUCTION

1. This is an action for actual damages, statutory damages, court costs and attorney's fees brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("the FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.  This Court has original jurisdiction over the Defendants Credigy Receivables, Inc. and Cohen, McNeile & Pappas, P.C., pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  This Court has venue pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in St. Louis County, Missouri and one or more debt communications were made with Plaintiff in St. Louis County, Missouri.

## PARTIES

4.  Plaintiff is a natural person and a citizen of the State of Missouri. Plaintiff is, and at all relevant times herein was employed with the St. Louis County Associate Circuit Clerk's office, and is a "consumer" within the meaning of the FDCPA.

5.  Defendant Credigy Receivables, Inc., (hereinafter "Credigy") is a Nevada corporation in good standing that regularly attempts to collect consumer debts asserted to be due another. Credigy is a "debt collector" within the meaning of the FDCPA.

6.  Defendant Cohen, McNeile & Pappas, P.C., (hereinafter "CMP") is a law firm and a Missouri professional corporation in good standing that regularly attempts to collect consumer debts asserted to be due another. At all relevant times herein, CMP was the authorized agent of Credigy, and was acting within the course and scope of its authority on behalf of Credigy. CMP is a "debt collector" within the meaning of the FDCPA.

## STATEMENT OF FACTS

7.  On or about January 19, 2001, First Select, Inc. filed suit against Plaintiff in the Circuit Court of St. Louis County, Associate Judge Division, Cause Number 01AC-

000055, to collect an alleged debt.  A copy of the Petition for Damages is attached hereto and incorporated by reference as if fully set forth herein as Plaintiff's Exhibit 1.

8.   At all relevant times herein, CMP was the attorney for First Select, Inc., and then later for Credigy.

9.   On March 14, 2001, First Select took a default judgment against Plaintiff for $5,185.00 plus court costs and interest of 9.00% per annum.  A copy of the Judgment in Default is attached hereto and incorporated by reference as if fully set forth herein as Plaintiff's Exhibit 2.

10.   On or about August 28, 2006, First Select CMP filed a writ of garnishment in an effort to garnish Plaintiff's wages.  A copy of the writ of garnishment is attached hereto and incorporated by reference as if fully set forth herein as Plaintiff's Exhibit 3.

11.   On March 13, 2009, Plaintiff filed a motion to quash the garnishment.  The motion was initially taken up on April 22, 2009.  Plaintiff offered to settle the matter for $2,500.00, which was only good for seven days.  A copy of the 4/22/09 order is attached hereto and incorporated by reference as if fully set forth herein as Plaintiff's Exhibit 4.

12.   Thereafter, the parties entered settlement negotiations.  On March 17, 2010, Plaintiff paid $2,500.00 to CMP, and the trial court dismissed the lawsuit with prejudice.  A copy of Plaintiff's check for $2,500.00, and the trial court's order of 3/17/10, are attached hereto and incorporated by reference as if fully set forth herein as Plaintiff's Exhibits 5 and 6 respectively.

13.   Upon information and belief, First Select sold the account to Credigy sometime after 3/17/10.

14.     On January 22, 2011, Credigy, through its attorney CMP, submitted a writ of sequestration against Plaintiff's wages seeking recovery of $9,200.38.  A copy of the writ of sequestration is attached hereto and incorporated by reference as if fully set forth herein as Plaintiff's Exhibit 7.

15.     The circuit clerk rejected the writ of sequestration because the lawsuit had previously been dismissed with prejudice.

### COUNT I – VIOLATION OF THE FDCPA AS TO CREDIGY

For Count I of her Complaint, Plaintiff states to this honorable Court as follows:

16.     Plaintiff realleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

17.     In its attempt to collect an alleged debt from Plaintiff, Credigy has committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

   a.  Falsely representing the amount of Plaintiff's debt as $9,200.38 in violation of 15 U.S.C. § 1692e(2)(A), in that Defendant had already accepted $2,500.00 from Plaintiff in full settlement of the debt;

   b.  Falsely representing the legal status of Plaintiff's debt in violation of 15 U.S.C. § 1692e(2)(A), in that Defendant submitted a writ of sequestration to the St. Louis County Associate Circuit Clerk's office on January 22, 2011, after the court had already dismissed Defendant's lawsuit with prejudice on March 17, 2010; and

   c.  Threatening to sequester Plaintiff's wages by filing a writ of sequestration with the St. Louis County Associate Circuit Clerk when Defendant had no legal right to do so, in violation of 15 U.S.C. § 1692e(5).

18.     As a direct and proximate result of Credigy's violation of the FDCPA, Plaintiff has suffered anxiety, stress, embarrassment, humiliation, loss of sleep, loss of appetite, nausea and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Credigy for:

1. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

2. Actual damages in excess of $25,000.00; and

3. Such further equitable relief as the Court deems just and proper.

## COUNT II – VIOLATION OF THE FDCPA AS TO CMP

For Count II of her Complaint, Plaintiff states to this honorable Court as follows:

19. Plaintiff realleges the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. In Defendants' attempt to collect an alleged debt from Plaintiff, CMP has committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., including but not limited to, the following:

    a. Falsely representing the amount of Plaintiff's debt as $9,200.38 in violation of 15 U.S.C. § 1692e(2)(A), in that Defendant had already accepted $2,500.00 from Plaintiff in full settlement of the debt;

    b. Falsely representing the legal status of Plaintiff's debt in violation of 15 U.S.C. § 1692e(2)(A), in that Defendant submitted a writ of sequestration to the St. Louis County Associate Circuit Clerk's office on January 22, 2011, after the court had already dismissed Defendant's lawsuit with prejudice on March 17, 2010; and

    c. Threatening to sequester Plaintiff's wages by filing a writ of sequestration with the St. Louis County Associate Circuit Clerk when Defendant had no legal right to do so, in violation of 15 U.S.C. § 1692e(5).

21. As a direct and proximate result of CMP's violation of the FDCPA, Plaintiff has suffered anxiety, stress, embarrassment, humiliation, loss of sleep, loss of appetite, nausea and emotional distress.

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against CMP for:

1. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

2. Actual damages in excess of $25,000.00; and

3. Such further equitable relief as the Court deems just and proper.

/s/ Mitchell B. Stoddard
Mitchell B. Stoddard, #38311MO
Consumer Law Advocates
11330 Olive Boulevard, Suite 222
St. Louis, Missouri 63141
(314) 692-2001 *tel*
(314) 692-2002 *fax*
E-Mail: mbs@clalaw.com

Attorneys for Plaintiff